IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Daniel Costa, | ) | Civil Action No.  3:21-3906-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Stateside Tax Group LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Stateside Tax Group LLC[1] ("Stateside") hereby removes this action from the Eleventh Judicial Circuit Court of Common Pleas in Lexington County, South Carolina, to the United States District Court for the District of South Carolina. In support of this Removal, Stateside states as follows:

### I.     PROCEDURAL BACKGROUND

1.     On October 25, 2021, Plaintiff Daniel Costa ("Plaintiff") filed a Class Action Complaint[2] (the "Complaint") in the Eleventh Judicial Circuit Court of Common Pleas, Lexington County, South Carolina in the case captioned *Danial Costa v. Stateside Tax Group LLC*, Case No. 2021CP3203528 ("State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

---

[1] Plaintiff Daniel Costa filed his Complaint, per the caption, against Defendant Stateside on October 25, 2021 and served only Stateside on November 1, 2021. However, the body of the Complaint does not assert claims against Stateside, rather the Complaint asserts claims against defendant Greenlaw Consulting Group Inc., who is not named as a party in the caption and who has not been served. In an abundance of caution, Stateside files this Notice on behalf of Greenlaw Consulting Group Inc. and itself without waiving any rights to contest service or jurisdiction.

[2] Defendant Stateside refers to the Complaint as it is captioned, which in no way should be construed as an admission that a class action suit is proper, warranted, or feasible. Stateside's reference shall not waive any right to oppose a class certification.

1

2. This action involves allegations that either Stateside or Greenlaw Consulting Group Inc. ("Greenlaw") placed telephone calls to him through the use of an automatic telephone dialing system without his consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *See generally* Compl. Specifically, he alleges that either Stateside or Greenlaw placed automated calls to his cellphone using a pre-recorded message. Compl. ¶¶ 26-30, 32. Plaintiff alleges that he did not consent to the calls and that his cellphone number is on a National Do Not Call Registry. Compl. ¶ 23.

3. The Plaintiff asserts the following causes of action against Stateside or Greenlaw: (1) violations of the South Carolina Telephone Privacy Protection Act (the "SCTPPA"); (2) violations of 47 U.S.C. § 227(c)(5); and (3) violations of 47 U.S.C. § 227(b)(3). In addition, Plaintiff seeks class certification and appointment as class representative.

## II.    BASIS OF REMOVAL

4. Pursuant to 28 U.S.C. §§ 1331 and 1441, this Court has original jurisdiction over Plaintiff's TCPA claims.

5. Defendant Stateside is entitled to remove Plaintiff's TCPA claims to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.	Plaintiff asserts two causes of action arising under a federal statute – the TCPA – creating federal question jurisdiction in this case. Claims based on alleged TCPA violations are a recognized ground for removal. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (stating U.S. district courts have federal-question jurisdiction over TCPA claims).

8.	This Court also has supplemental jurisdiction over Plaintiff's state SCTPPA claim by virtue of the Court's original jurisdiction over the TCPA claim. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

9.	This Court should exercise supplemental jurisdiction over Plaintiff's SCTPPA claim because all of the claims asserted in the Complaint arise from the same alleged operative facts, involve substantially similar questions of law or fact, and form part of the same case or controversy. Specifically, all of the claims asserted in the Complaint relate to Plaintiff's allegations that either Stateside or Greenlaw made unlawful phone calls to his telephone without his consent.

10.	Based on the foregoing, all claims alleged in the Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

### III.	COMPLIANCE WITH REMOVAL STATUTES

**A. Removal is Timely**

11.	Stateside was served with the Complaint on November 1, 2021. *See Aff. of Service*, **Exhibit B**.

12.     Accordingly, removal is timely as Stateside removed the action within 30 days from receipt of the pleadings.

### B. Venue is Proper

13.     The United States District Court for the District of South Carolina encompasses Lexington County, the county in which the subject incident occurred and the county in which the State Court Action was filed. *See* 28 U.S.C. § 124. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

### C. Notice

14.     A copy of all process, pleadings, and orders served upon Defendant Stateside are attached as **Exhibits A**, **B**. *See* 28 U.S.C. § 1446(a); Local Civ. Rule 83.IV.01 (D.S.C.). A copy of the State Court Action's docket is attached as **Exhibit C**.

15.     Promptly after filing the instant Notice of Removal, Defendant Stateside will give written notice to all adverse parties and will file a copy of the Notice with the clerk of the Eleventh Judicial Circuit Court of Common Pleas, Lexington County, South Carolina.

WHEREFORE, Defendant Stateside Tax Group LLC pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, respectfully removes this action from the Eleventh Judicial Circuit Court of Common Pleas, Lexington County, South Carolina, to the United States District Court for the District of South Carolina.

[SIGNATURE BLOCK ON NEXT PAGE]

          NELSON MULLINS RILEY & SCARBOROUGH LLP

          */s/*Sarah T. Eibling
          Sarah T. Eibling
          Federal Bar No. 9799
          E-Mail: Sarah.eibling@nelsonmullins.com
          Meridian / 17th Floor
          1320 Main Street
          Columbia, South Carolina 29201

          *Attorney for Defendant Stateside Tax Group LLC* and *Greenlaw Consulting Group Inc.*

Columbia, South Carolina
December 1, 2021