ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| Daniel Costa, | Case No. |
| Plaintiff, | |
| vs. | **SUMMONS** |
| Stateside Tax Group LLC, | |
| Defendant. | |

TO:     THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

   *s/Dave Maxfield*
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: October 25, 2021
Columbia, South Carolina

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Daniel Costa<br><br>Plaintiff<br><br>vs.<br><br>Stateside Tax Group LLC<br><br>Defendant | **COMPLAINT – CLASS ACTION**<br><br>**(Jury Trial Requested)** |

Plaintiff Daniel Costa ("Plaintiff"), on behalf of himself and all others similarly situated, makes the following allegations against Defendant Greenlaw Consulting Group Inc. ("Defendant") based upon Plaintiff's own knowledge, information, attorney investigation, and belief:

**PRELIMINARY STATEMENT**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

2.     The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*.

3.     Mr. Costa alleges that Defendant sent him multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA. Moreover, at least one of the calls was sent using a pre-recorded voice, which further violates the TCPA.

4.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed class of other persons who received similar calls.

**JURISDICTION**

5.     Plaintiff is a State of South Carolina resident.

6.     Defendant is a New York limited liability company.

7.     This Court has jurisdiction over this action because at least some of the events giving rise to this claim occurred in South Carolina.

8.     Venue is proper based on the non-residence of the Defendant and Plaintiff's receipt of the calling conduct at issue here in this jurisdiction.

**THE TELEPHONE CONSUMER PROTECTION ACT**

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

2

automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

13. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### THE SOUTH CAROLINA TELEPHONE PRIVACY PROTECTION ACT

17. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

18. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

19. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

### FACTUAL ALLEGATIONS

20. The Plaintiff is a natural person.

21. The Plaintiff's telephone number is (803) 821-XXXX.

22. That telephone number is assigned to a wireless service.

23. That telephone number has been on the National Do Not Call Registry since February 13, 2016.

24. That telephone number is used for residential purposes.

4

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

25. That telephone number is not associated with a business.

26. On at least two occasions on October 13, 2021, the Defendant contacted the Plaintiff on his number.

27. The Plaintiff rejected the first call.

28. However, they continued.

29. He was then called again less than five minutes later.

30. This time the Defendant's call, which came from the same Caller ID number, left a pre-recorded message.

31. There was an audible beep left on the Plaintiff's voicemail indicating that a message was being played.

32. The pre-recorded message generically advertised a tax debt compromise program.

33. That is a service offered by the Defendant.

34. Other individuals have complained about receiving spam calls with the same pre-recorded message. *See e.g.* https://800notes.com/Phone.aspx/1-866-216-4257.

35. The message informed individuals to call 866-220-4521.

36. Both calls were made from the Caller ID number 803-702-6371.

37. The calls were made to solicit the Defendant's tax relief services.

38. The Plaintiff confirmed as much by calling 866-220-4521 to identify the caller.

39. The Plaintiff ended the call then received a text message follow up from the Defendant.

5

40.   The text message confirmed the Defendant's website site as the company contacting him.

41.   Prior to initiating this lawsuit, the Plaintiff contacted the Defendant to ascertain if they had any permission to contact him.

42.   No information demonstrating that the Plaintiff had consented to the call was provided.

## CLASS ACTION ALLEGATIONS

43.   Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the South Carolina Rules of Civil Procedure on behalf of the following classes:

SCTPPA CLASS

All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Defendant, or someone on its behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting Defendant's services.

TCPA DO NOT CALL REGSITRY CLASS

All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

TCPA ROBOCALL CLASS

All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years

6

prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiffs.

44. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45. This action has been brought and may be properly maintained on behalf of class proposed herein under Rule 23 of the South Carolina Rules of Civil Procedure.

46. Pursuant to SCRP 23(a)(5) the amount in controversy for each class member exceeds one hundred dollars, as the statutory damages at issue are for a minimum of $500-$1,000.

47. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

48. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

49. There are questions of law and fact common to Plaintiff and the proposed classes, including:

    a. Whether the Defendant contacted numbers on the National Do Not Call Registry

    b. Whether the Defendant made such calls to South Carolina area codes;

    c. Whether the Defendant made such calls with express written consent;

    d. Whether the Defendant's calls utilized a pre-recorded message; and

    e. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

7

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

50. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

51. Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

52. The Defendant's actions are applicable to the class and to Plaintiff.

### FOR A FIRST CAUSE OF ACTION
**(Violation of SC Telephone Privacy Protection Act)**

53. The above allegations are repeated and realleged herein as if set forth herein.

54. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

55. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from using a South preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry.

### FOR A SECOND CAUSE OF ACTION
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**

56. Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except

8

for emergency purposes, to Plaintiff and members of the TCPA Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58. Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the TCPA Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60. Plaintiff and the members of the TCPA Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## FOR A THIRD CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(3)

61. Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making pre-recorded calls, except for emergency purposes, to the cellular telephones and telephone numbers charged per the call from the Plaintiff and members of the TCPA Robocall Class.

63. Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

and members of the TCPA Robocall Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

65.     Plaintiff and the members of the TCPA Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls utilizing a pre-recorded voice, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.     That the Court certify the proposed classes;

B.     That the Court appoints Plaintiff as class representative;

E.     That the Court appoint the undersigned counsel as counsel for the classes;

F.     That the Court enter a judgment permanently enjoining Defendant from the conduct requested above.

G.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $1,000 for each negligent violation of the SCTPPA and $5,000 for each knowing or willful violation;

I.     That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

J.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

K.     That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

ELECTRONICALLY FILED - 2021 Oct 25 5:27 PM - LEXINGTON - COMMON PLEAS - CASE#2021CP3203528

                              DAVE MAXFIELD, ATTORNEY, LLC

By:    *s/ Dave Maxfield*_____
        David A. Maxfield, SC Bar # 7163
        P.O. Box 11865
        Columbia, SC 29211
        803-509-6800
        855-299-1656 (fax)
        dave@consumerlawsc.com

        Anthony I. Paronich
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com
        *Subject to Pro Hac Vice*

Dated: October 25, 2021



# Lexington County
# Eleventh Judicial Circuit
# Public Index



Lexington County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

**Switch View**

## Daniel Costa VS Stateside Tax Group Llc

| Case Number: | 2021CP3203528 | Court Agency: | Common Pleas | Filed Date: | 10/25/2021 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Unfair Trade Pra 640 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

**Case Parties**   **Judgments**   **Tax Map Information**   **Associated Cases**   **Actions**   **Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Costa, Daniel | ADR/Alternative Dispute Resolution (Workflow) | Action | | 05/23/2022-17:27 | | |
| Costa, Daniel | NEF(11-03-2021 10:44:55 AM) Service/Affidavit Of Service | Filing | | 11/03/2021-10:48 | | 📄 |
| Costa, Daniel | Service/Affidavit Of Service on Stateside Tax Group Llc | Filing | | 11/03/2021-10:44 | | 📄 |
| Costa, Daniel | Summons & Complaint | Filing | | 10/25/2021-17:27 | | 📄 |

CMSWeb 6.1 © 2019 South Carolina Judicial Branch • All rights reserved

COURT OF COMMON PLEAS ELEVENTH JUDICIAL CIRCUIT OF THE STATE OF South Carolina

COUNTY OF LEXINGTON

**AFFIDAVIT OF SERVICE**

Index No:

**Plaintiff / Petitioner:**

**Defendant / Respondent:**
Stateside Tax Group LLC

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 52 Graw Rd, Nassau, New York 12123. That on Mon, Nov 01 2021 AT 12:20 PM AT 90 STATE STREET SUITE 700, OFFICE 40,, Albany, NY 12207 deponent served the within Summons and Complaint on Stateside Tax Group LLC

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** Stateside Tax Group LLC a defendant, therein named, by delivering a true copy of each to Stateside Tax Group LLC personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be _____ thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 35-40           Ethnicity: Caucasian           Gender: Male           Weight: 180-190
Height: 5'10"        Hair: Brown                    Eyes: ____            Relationship: ____
Other

Sworn to before me on November 3, 2021

_____          _____
John Habermehl                   Notary Public

Richard J. Warren
Notary Public, State of New York
Qualified in Rensselaer County
No. 01WA6098217
Commission Expires Sept. 08, 2023